UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAUN M. LEWIS | CIVIL ACTION |
| VERSUS | NO. 07-8787 |
| ALLSTATE INSURANCE COMPANY, ET AL | SECTION:  "C" (3) |

ORDER AND REASONS

Before the Court is a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by the defendant Michael Carriere ("Carriere") (Rec. Doc. 15). Shaun Lewis, the Plaintiff, has failed to submit any opposition. Having reviewed the record, the memoranda of counsel and the applicable law, the Court finds that dismissal of the claims against Carriere is appropriate.

I. Background

The Plaintiff filed this suit to recover unpaid claims for hurricane damage under both his homeowner's and flood insurance policies issued by Allstate Insurance Company and procured by Carriere. In his complaint, Lewis asserts that Carriere was negligent in writing his homeowner's and flood insurance policies. Rec. Doc. 1, State Court Pleadings, ¶ 9. Allstate removed the case from state court on November 15, 2007. In the motion *sub judice*, Carriere

1

argues that the claims against him are barred by the applicable statute of limitations.

## II. Law & Analysis

To prevail on a Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), the moving party must show "that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Baton Rouge Bldg, & Constr. Trades Council AFLCIO v. Jacobs Constructors, Inc*., 804 F.2d 879, 881 (5th Cir. 1986).  In general, when considering a motion to dismiss under Rule 12(b)(6), the court must take the well-pleaded factual allegations of the complaint as true.  *In Re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007).  "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  *United States ex rel. Bain v. Georgia Gulf Corp*., 386 F.3d 648, 654 (5th Cir. 2004) (quoting *Jones v. Alcoa, Inc.*, 339 F.3d 359, 362 (5th Cir. 2003)).  The United States Supreme Court recently advised in *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007), "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations ... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions."  *Twombly*, 127 S.Ct. at 1965-66 (quoting *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc*., 40 F.3d 247, 251 (7th Cir. 1994)).

Carriere asserts that the claims against him have prescribed or are preempted under La.Rev.Stat. § 9:5606.  Section 5606 provides in relevant part:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged action, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or

> should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

The Court concludes that, at the latest, the one-year preemptive period began to run shortly after August 29, 2005, when the Plaintiff should have attempted to make a claim under his policy. This is the latest date at which the Plaintiff should have discovered Carriere's alleged wrongs. Accordingly, the Court finds that the Plaintiff's claims against Carriere, filed twenty-four months after Hurricane Katrina, and twenty-three months after Hurricane Rita, are barred by § 9:5606.

### III. Conclusion

Based on the foregoing,

IT IS ORDERED that the Carriere's Motion to Dismiss Pursuant to Rule 12(b)(6) is GRANTED, and that the Plaintiff's claims against Carriere and Carriere Insurance Company, Inc. are hereby DISMISSED WITH PREJUDICE (Rec. Doc. 15).

New Orleans, Louisiana, this 30th day of April 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE